David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court                    **TO BE FILED UNDER SEAL**
Southern District of New York
_____
                                            )
United States of America ex rel.            )
GNGH2 Inc.,                                 )
                                            )
                                            )
            Plaintiff-Relator,              )
                                            )
          - against -                       )          Index No.:
                                            )
ZETTON INC. and ZETTON CO Ltd.              )
                                            )
                                            )          **<u>Complaint</u>**
                                            )
            Defendants.                     )
_____)

        Plaintiff-Relator, complaining of the Defendant by its asttorney, David Abrams, Attorney

at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc.

("Relator"), alleges that the Defendants fraudulently obtained disaster relief under the Restaurant

Revitalization Act means of fraudulent certifications of eligibility.

**II.     Parties**

2.      Plaintiff-Relator GNGH2 is a New Jersey corporation.

3.      Defendant ZETTON CO. LTD.. ("Zetton Japan") is a Japanese business corporation with

a principle place of business in Shibuya City, Tokyo, Japan.  Zetton Japan operates a chain of

restaurants.

4.      Defendant ZETTON Inc. ("Zetton USA") is a business corporation with a principle place of business in Hawaii, USA.

5.      According to Zetton Japan, Zetton USA is a "連結子会社″ of Zetton Japan which translates to "consolidated subsidiary."  In other words, this means that Zetton Japan owns a majority stake of Zetton USA; controls the decision-making of its subsidiary; and is required to consolidate the financial disclosures of the subsidiary with those of the parent.

6.       Indeed, the president and CEO of Zetton USA, Daisuke Kikuchi, is the Executive Vice President and second-in-command at Zetton Japan.

**III     Jurisdiction and Venue**

7.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business.  In this case, both of the Defendants are merchants in the American Express credit card system.  Therefore, they both transact business in the Southern District of New York since American Express is headquartered in Manhattan.

8.      To be clear, personal jurisdiction over both of the Defendants is predicated on their contacts with the United States as a whole, specifically their application for and acceptance of monies from the Small Business Association pursuant to the Restaurant Revitalization Act.

**IV.    Activities of and Relationship Among the Defendants**

9.      The Defendants (the "Zetton Concern") operate a chain of restaurants.

10.     As a combined entity, the Zetton Concern is too large to qualify for relief under the Restaurant Revitalization Act.

### V.    Background

11.    Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

12.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

13.    All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the Restaurant Revitalization Act ("RRA") which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted as a result of the above-described hysteria.

14.    The Defendant applied for and received relief under the RRA as follows:

| Date | Party | Amount |
|---|---|---|
| 5/21/2021 | Zetton USA | $8,217,296.50 |

15.    With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for the relief in question.

16.    Looking at the Defendants as a whole, the Defendants had far more than the maximum assets, payroll size, and revenue for qualification.

17.    Thus, the Defendants necessarily made false certifications as to their eligibility for relief.

18.    These statements would have been made shortly before the dates set forth above.  As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

**VI.    (Count I)  Violation of the False Claims Act**

19.    The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

20.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21.    Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.    Relief Sought**

22.    On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23..    The Defendants received at least approximately $8,217,296.50 in disaster relief as a result of the certifications set forth above.

**[continued on next page]**

24.     Accordingly, Relator seeks judgment in the amount of  $24,651,889.50 against the

Defendants and in favor of the United States, together with costs, interest, civil penalties, an

appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
        February 4, 2022